By the COURT.
This is an action for the foreclosure of a mortgage on real estate and the collection of a debt which represents a consideration of one hundred shares of capital stock purchased by the mortgagor in its own company.
The defense of ultra vires is made, and by cross petition the company seeks to have the notes and mortgage canceled, and offers to return to plaintiff the stock so purchased.
It is undoubtedly the law as sustained by the leading authorities that a corporation can not purchase or acquire its own stock except in satisfaction of a debt due to it, or under other exceptional circumstances to save the company from loss.
If the transfer of this stock of Jerome Strauss and the making of the notes and mortgage to him by the Imperial Motor Car Company had been challenged promptly by the company itself or its creditors or stockholders, it is questionable whether it could have been sustained; but the situation as presented to the court shows that at the present time John F. Luhrman is not only the president of the Imperial Motor Car Company, but is the owner of almost the entire stock of said company, it being claimed that he owns 109-114ths of the entire stock and that the outstanding shares are held by others for purposes of organization.
The mortgage and notes in question were executed March 4,1912. The contract for the purchase of 164 shares of stock by John F. Luhrman and Albert H. Luhrman from Harry C. Strauss was made April 4; 1918, and it was based upon a guaranty that said 164 shares constituted a majority of the capital stock of which 320 shares were then outstanding, and that the mortgage indebtedness of said corporation amounted to $22,800 which, as shown by the statements of the expert accountant made at the time for the purposes of this sale, included the mortgage now questioned.
Said contract further contained a provision that—
"any objection or exception to the condition of the company as being different from the condition set forth in said accountant’s report shall be set up within thirty (30) days or be forever barred.”
*427 It appears that no question was raised as to the validity of these notes and mortgages until the filing of this suit thereon, but on the contrary that the interest Avas regularly paid thereon by the company under Luhrman’s control on March 5, 1913, March 5, 1914, and March 5, 1915; that accountant’s statements were taken at the end of the years 1912, 1913, 1914 and 1915 respectively, which included among the liabilities of the’ company this mortgage of $10,000 to Jerome Strauss; that the capital stock of the company was increased from $32,000 to $34,300 by the issue of $2,300 additional stock for the purchase of the assets of the Cole Motor Sales Company.
The tender back therefore of 100 shares of stock under the present condition of the company is not an offer to put the plaintiff in the same position that he occupied at the time of the making of the mortgage.
So far as Mr. John F. Luhrman, the real party in interest, is concerned, his purchase of the stock, and his whole connection Avith the Imperial Motor Sales Company is based upon the validity of the transaction between Jerome Strauss and the company and the existence of the notes and mortgage as its valid debts and obligations.
It would confer an unexpected and undeserved benefit upon Mr. Luhrman, as the present holder of practically the entire stock in the company to hold this mortgage and the notes secured by is to be invalid. Mr. Luhrman is estopped from using the alias of the corporation to set up a plea of ultra vires as against the notes and mortgage. State v. Standard Oil Co. 49 Ohio St. 137 [30 N. E. 279; 15 L. R. A. 145; 34 Am. St. 541]; Smith v. Gowan, 38 O. A. & C. 575 (18 N. S. 99, 103); Old Dominion Copper M. & S. Co. v. Lewisohn, 210 U. S. 206 [28 Sup. Ct. 634]; Norma Mining Co. v. Mackay, 241 Fed. 000.
The notes and mortgage must therefore be upheld as valid under the circumstances of this case, and a decree of foreclosure may be taken in favor of plaintiff.
Jones, Gorman and Hamilton, JJ., concur.